**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) LESLIE HANNAN, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>(1) CITY OF TULSA, a Municipal Corporation;<br><br>(2) WENDELL FRANKLIN, in his Individual Capacity as former Chief of the Tulsa Police Department;<br><br>(3) JAKE HUFF,<br><br>(4) MADELYN SWEGER,<br><br>(5) DENZIL AUSTIN BERRYMAN,<br><br>Defendants. | Case No. 25-cv-00298-SEH-MTS |

**PLAINTIFF'S RULE 26(A)(1) INITIAL DISCLOSURES**

COMES NOW the Plaintiff, Leslie Hannan, by and through her attorneys of record, SMOLEN | LAW, PLLC, and, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, provides the following Initial Disclosures based upon information reasonably available at this time:

**I. Rule 26(a)(1)(A)(i):**

The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

| NO. | INDIVIDUAL | POSSIBLE KNOWLEDGE |
|---|---|---|
| 1. | Leslie Hannan<br>c/o SMOLEN \| LAW, PLLC<br>611 S. Detroit Ave.<br>Tulsa, OK 74120<br>(918) 777-4529 | Facts and circumstances regarding the incident at issue and resulting damages, including but not limited to damaged reputation, mental and emotional pain and suffering, and Defendant's handling of the same. |
| 2. | Wendell Franklin, in his Individual Capacity as former Chief of the Tulsa Police Department<br>c/o Assistant City Attorney<br>City Hall, One Technology Center<br>175 East Second Street, Suite 685<br>Tulsa, OK 74103<br>(918) 596-7717 | Facts and circumstances regarding the incident at issue at issue and Defendant's handling of the same. |
| 3. | Jake Huff<br>c/o Assistant City Attorney<br>City Hall, One Technology Center<br>175 East Second Street, Suite 685<br>Tulsa, OK 74103<br>(918) 596-7717 | Facts and circumstances regarding the incident at issue at issue and Defendant's handling of the same. |
| 4. | Madelyn Sweger<br>c/o Assistant City Attorney<br>City Hall, One Technology Center<br>175 East Second Street, Suite 685<br>Tulsa, OK 74103<br>(918) 596-7717 | Facts and circumstances regarding the incident at issue at issue and Defendant's handling of the same. |
| 5. | Denzil Austin Berryman | Facts and circumstances regarding the incident at issue at issue and Defendant's handling of the same. |

Plaintiff reserves the right to supplement her witness list. Plaintiff further reserves the right to call witnesses for impeachment and/or rebuttal purposes and to authenticate record evidence as needed.

Plaintiff further reserves the right to call witnesses endorsed by Defendants, to which Plaintiff does not object.

At this time, Plaintiff does not anticipate presenting any witness' testimony by means of his or her deposition.

**II.** **Rule 26(a)(1)(A)(ii)**:

A copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

| NO. | DESCRIPTION |
|---|---|
| 1. | Pleadings filed in *USA v. Denzil Austin Berryman*, United States District Court for the Northern District of Oklahoma, Case No. 23-CR-364-SEH |
| 2. | *Understanding Domestic Violence Patterns: A Problem Analysis Conducted for the Tulsa, Oklahoma Police Department* |
| 3. | TPD Handbook |
| 4. | TPD's Mobile Video Recording Policy |

**III.** **Rule 26(a)(1)(A)(iii)**:

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Plaintiff is seeking compensatory damages for financial hardship, mental anguish, and pain and suffering. Such damages, because of their vague and unspecific nature, are not readily amenable to computation. *See, e.g., Creswell v. HCAL, Corp.*, 2007 WL 628036 *2 (S.D. Cal., Feb. 12, 2007); *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)."); *Crocker v. Sky View Christian Academy*, 2009 WL 77456 *2, (D. Nev., Jan. 8, 2009) ("[B]ecause emotional suffering is personal and difficult to quantify, damages for emotional anguish likely will be established predominantly through the plaintiffs' testimony concerning the emotional suffering they experienced, not through the type of

documentary evidence or expert opinion relied upon to make a Rule 26(a)(1)(A)(iii) disclosure of a computation of damages."); *Gonzalez v. Hickman*, 2007 WL 3237635 *4 (C.D. Cal., June 28, 2007) (finding that no additional information could have been provided in a computation of damages pursuant to Rule 26(a)(1) (C) because losses would be proved primarily through testimony regarding emotional suffering and not through documentary evidence or expert opinion); and *Burrel v. Crown Cent. Petroleum, Inc*., 177 F.R.D. 376, 386 (E.D. Tex.1997) (finding that no computation of compensatory damages attributable to mental anguish was required under Rule 26(a)(1)(C) because such damages would be determined by the trier of fact).

Plaintiff is also seeking an award of punitive damages against Defendants. A party is not required to provide a calculation of damages when that calculation depends on information in the possession of another party. *AVX Corp. v. Cabot Corp*., 252 F.R.D. 70, 77 (D. Mass. 2008); Advisory Committee Notes, 1993 Amendments. Here, the amount of punitive damages will depend in part upon Defendants' financial condition and ability to pay. Plaintiff does not possess this information.

## IV. Rule 26(a)(1)(A)(iv)

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Not applicable as to Plaintiff.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/*Christopher U. Brecht*

Donald E. Smolen, II, OBA #19944
John W. Warren, OBA #33635
Christopher U. Brecht, OBA #22500
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW (4529)
F: (918) 890-4529
don@smolen.law
jack@smolen.law
chrisbrecht@smolen.law
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September 2025, the foregoing was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

/s/*Christopher U. Brecht*